THULE, The (BODIN v.). See Case No. 1,595.

THURBER (VAN KLEECK v.). See Case No. 16,861.

THURBER, The F. B. See Case No. 17,355.

---

### Case No. 14,015.

THURN et al. v. UNITED STATES.

[1 Hoff. Land Cas. 298.] [1]

District Court, N. D. California. Dec. Term, 1857.

MEXICAN LAND GRANT — COCLAIMANTS — RIGHTS INTER SESE—AGAINST UNITED STATES.

Where one of two persons to whom a grant was made has exhibited a deed from his cograntee, and obtained a confirmation of his claim to the whole tract, the cograntee who has presented his separate claim for his half, and who denies the execution of the deed, is entitled to a confirmation as against the United States, and

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

the rights of the parties inter sese will be left to be determined by the ordinary tribunals.

Claim for one-half of a square league of land in Santa Clara county, rejected by the board, and appealed by the claimants [Cipriano Thurn and others].

E. R. Carpentier, for appellants.
P. Della Torre, U. S. Atty., for the United States.

HOFFMAN, District Judge. In this case the genuineness of the grant, the regularity of the proceedings, and the fulfillment by the grantees of all the conditions are established by abundant proofs, and admitted on the part of the United States. The proceedings, up to the issuance of a final title and including an approval of the grant by the departmental assembly, were conducted in strict conformity to the regulations of 1828; and on the eleventh of June, 1834, the final documento required by those regulations was issued to the applicants, Maximo Martinez and Domingo Peralta. The present claim is by the representatives of the latter, and is for one-half of the rancho. Maximo Martinez has also presented his claim, which, however, embraced the whole rancho. To establish his title to the share of his cograntee, he gave in evidence an alleged conveyance, dated May 19th, 1834, from Peralta to himself. As this conveyance seemed prima facie to show the whole title to be in Martinez, the claim to the whole was confirmed to him by the board and by this court. Domingo Peralta now presents his claim, and would clearly be entitled to a confirmation of one-half of the land, had not the United States put in evidence the conveyance alleged to have been made by him to Martinez as above stated. Many objections to this document were urged on the part of the claimant; both its genuineness and supposed legal effect were strenuously denied. The district attorney declined to argue the questions discussed by claimants, observing that the controversy was one in which the United States had not the slightest interest; the grant was unquestionably valid, and the land had already been confirmed to Martinez, the appeal in whose case had been dismissed by order of the attorney general. He further observed, that no decision of this court could in any way determine private rights in the parties to land admitted not to belong to the United States, and to which the full legal and equitable title was already vested in private individuals. The district attorney was understood to say that he interposed no objection to a confirmation to the present claimant, if the court was of opinion that such a decree should be entered. It has heretofore been decided by the board and this court that third persons have no right to intervene in these proceedings to ascertain whether land

claimed under titles derived from the former government is public or private land. As the decree of this court and the patent issued under it cannot affect the rights of any parties, except the United States and the claimants, it seemed manifestly improper to allow an inquiry, instituted to ascertain the rights of the United States, and to determine what was private and what public land, to be controverted into a complicated series of cross ejectments between various private claimants, and this, where the decision of the court could not in any event decide the rights litigated before it. The only course, therefore, to be adopted was to confirm to the claimant whenever he, by a deraignment of the title primâ facie regular, showed himself to be the owner of a valid grant. This mode of proceeding involved, it is true, the apparent anomaly of confirming in some cases the same land to different persons claiming under the same original grant. But as each suit was separate, and as the court could not enter into question of adverse private rights, this anomaly was not to be avoided. Had the present claimant been permitted to intervene in the case of Martinez, he perhaps might have shown, as he claims to have done in this case, that the alleged conveyance to Martinez was fabricated or inoperative. As he was not permitted to do so, it seems equally improper to allow that conveyance to be introduced into this case, nominally on the part of the United States, but really on the part of Martinez, to defeat the claim of Peralta to a confirmation, which if it were not for that conveyance he would be clearly entitled to. Besides, if the validity of that conveyance is to be passed upon by this court, Martinez should be heard, and allowed to introduce testimony. The district attorney has neither any interest or power to represent him. To the United States it is indifferent whether the land belongs to both the original grantees, or to Martinez alone. To refuse to confirm this claim, is a recognition of the validity of a conveyance which may be liable to grave objections. But to confirm the claim, is merely to give to the claimant a right to a deed from the United States, relinquishing and quit-claiming any supposed title they might have been deemed to possess, and the reception of which merely puts the claimant on an equal footing with his adversary, and enables both to contest with equal evidence of title from the United States their adverse rights before the ordinary tribunals.

I think that the only course to be adopted is to confirm this claim, and to leave the question of ownership inter partes to be litigated before the tribunals having jurisdiction over the subject matter of the controversy. A decree must be entered accordingly.